RONALD MILLER ET AL. *v.* CONSERVATION COMMISSION
OF THE TOWN OF SALEM ET AL.
(10533)

NORCOTT, FOTI and LAVERY, Js.

Argued April 7—decision released May 19, 1992

*Thomas A. Manning,* for the appellants (plaintiffs).
*John W. Butts,* for the appellee (named defendant).

LAVERY, J. This is an appeal from the granting of a motion to dismiss. The motion was granted on the basis of the plaintiffs' failure to return their appeal from the decision of the defendant Salem conservation commission to the Superior Court within the forty-five day period set forth in General Statutes § 4-183. The plaintiffs[1] claim that an appeal taken under General Statutes § 22a-43, a portion of the Inland Wetlands and Watercourses Act, is not bound by the forty-five day filing period of § 4-183. We disagree and affirm the judgment of the trial court.

The pertinent facts are as follows. In August, 1990, the commission ordered the plaintiffs to cease and desist from conducting certain regulated activities in a designated wetlands area. The hearing on the order was continued until December, 1990, at which time the plaintiffs applied to the commission for a regulated activity permit. On February 11, 1991, the commissioner terminated the hearing, leaving the order in place, and denied the permit for failure to comply with the order. Notice of the decision was mailed to the plaintiffs on February 14, 1991. On March 29, 1991, the plaintiffs brought an appeal by certified mail, serving the commission and the commissioner of environmental protection. The appeal and affidavit of services were returned to the clerk of the judicial district of New London at New London on April 15, 1991, with a return day of April 23, 1991. The commission filed a motion

---

[1] The plaintiffs are Ronald F. Miller and Maureen T. Cain.

to dismiss for failure to file timely. The trial court granted the motion to dismiss and the plaintiffs have appealed to this court. All parties agree that the plaintiffs did not file their appeal with the clerk of the Superior Court within forty-five days after the mailing of the commission's final decision.

Appeals from the decisions of an inland wetlands agency are brought pursuant to General Statutes § 22a-43,[2] which provides in pertinent part: "The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may appeal to the superior court in accordance with the provisions of section 4-183, except venue shall be in the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district. *Such appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. . . .*" (Emphasis added.)

General Statutes § 4-183 (c) provides: "Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford *and file the appeal with the clerk* of the superior court for the judicial district . . . . *Within that time,* the person appealing shall also serve a copy

---

[2] Section 22a-43 was amended effective October 1, 1991, requiring appeals to be brought in accordance with the time limits of General Statutes § 8-8. This change does not affect the present appeal. *Raines* v. *Freedom of Information Commission,* 221 Conn. 482, 487, 604 A.2d 819 (1992).

of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days *on parties other than the agency that rendered the final decision* shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions." (Emphasis added.)

Section 4-183 provides two requirements, one regarding service and one regarding filing. Service must be made on the commission and the appeal must be filed with the Superior Court within forty-five days of the mailing of the notice of the commission's decision. *Raines* v. *Freedom of Information Commission,* 221 Conn. 482, 487, 604 A.2d 819 (1992). In the present case, the first requirement, service of the appeal, was met by the plaintiffs utilizing certified mail within the forty-five day period. It is clear, however, that the second requirement was not met because the appeal was not filed with the clerk of the court until April 15, 1991, well in excess of the forty-five days.

The plaintiffs argue that the language of § 22a-43 that provides that "[s]uch appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court" is an exception to the requirement of § 4-183, peculiar only to appeals from an inland wetlands decision. The plaintiffs claim that this appeal may be returned to court in accordance with § 52-46a,[3] not later than six days before the

---

[3] General Statutes § 52-46a provides: "RETURN OF PROCESS. Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day."

return day and that the appeal may have a return day on any Tuesday not later than two months after the date of the process. The plaintiffs further argue that service must be commenced within forty-five days after notice of the commission's decision and that the action is to be returned to the judicial district in which the affected land is located. The commission agrees that the return day of April 23 is within sixty days after March, 28, 1991, and the return to the court in New London satisfied the venue provision of the statute.

The issue is whether the sentence "[s]uch appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court" deals with the day that is to be designated as the return day or with the day the appeal is to be filed with the clerk of the court. " 'The meaning to be given a statute is determined by legislative intent and that legislative intent must be determined by language actually used in the legislation.' . . ." (Citations omitted.) *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989). "To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further. *University of Connecticut* v. *Freedom of Information Commission,* 217 Conn. 322, 328, 585 A.2d 690 (1991)." *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 187, 592 A.2d 912 (1991). It is clear from the plain language of § 22a-43 that the words "[s]uch appeal shall be made returnable" refers to that part of the process that summons the defendant to appear before a particular court on a particular date and at a particular time.[4] It complements the venue difference between

---

[4] General Statutes § 52-48 provides: "RETURN DAY OF PROCESS. (a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. The return day in

§§ 22a-43 and 4-183 (c). The latter requires all appeals to be made returnable to the Hartford-New Britain judicial district and the former requires return to the judicial district wherein the land lies. Section 22a-43 does not refer to the date by which the appeal is to be filed. The filing requirement is clearly set forth in § 4-183 (c), which requires filing of the appeal within forty-five days of the mailing of the commission's decision.

The plaintiffs argue that even if General Statutes § 4-183 (c) requires filing within forty-five days of the mailing of the commission's decision, a late filing prior to the return date preceded by timely service was not a jurisdictional defect. We disagree.

"Appeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972). A statutory right to appeal may be exercised only by strict compliance with the statutory provisions by which it is created. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if they are not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979)." (Internal quotation marks omitted.) *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 142, 585 A.2d 76 (1991); *Raines* v. *Freedom of Information Commission,* supra, 489–90. It is undisputed that the

any summary process action may be any week day, Monday through Saturday, except a holiday. (b) All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held." (Emphasis added.)

plaintiffs failed to file the writ with the clerk of the court within the forty-five day period of the mailing of the commission's decision as required by § 4-183 (c). We hold that the trial court properly dismissed the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.