[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Glastonbury Volunteer Ambulance Association, Inc. appeals a decision of the defendant Freedom of Information Commission (FOIC) ordering the plaintiff to comply with the provisions of General Statutes1-21(a). Also named as defendants are Richard N. Bergen and Susan G. Ellis, complainants before the FOIC. The FOIC acted pursuant to General Statutes 1-21i. Appeals from decisions of the FOIC are authorized by General Statutes1-21i(d) and 4-183 (Rev'd 1991).
A preliminary review of the file and record in this case raises a question of the court's jurisdiction. The court must, therefore, "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988). CT Page 10230
The relevant facts, which are not in dispute, are as follows. The FOIC mailed its final decision, which is the subject of this appeal, to all parties on November 20, 1991. At the direction of the plaintiff, a deputy sheriff of Hartford County served a true copy of the appeal on the FOIC on January 2, 1992. The deputy sheriff then mailed the appeal along with his return of service to the clerk of this court. The appeal was received and filed on January 9, 1992. That is the fiftieth day after the mailing of the FOIC's decision.
General Statutes 4-183(c) (Rev'd 1991) provides, in relevant part as follows:
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . .
The plaintiff argues that the phrase "(w)ithin forty-five days after mailing of the final decision" does not apply to filing the appeal but only to service of process on the agency and other defendants. As amended by Public Act 88-317, the plaintiff argues, the statute implicitly adopts the filing time limits for civil actions. See General Statutes 52-46 et seq.
Although the plaintiff's argument is appealing, our appellate courts have ruled to the contrary. Public Act 88-317 "chanced the time period to forty-five days for both the filing of an administrative appeal and the service of the appeal on all parties of record." Raines v. Freedom of Information Commission, 221 Conn. 482, 487 (1992). See also Miller v. Conservation Commission, 27 Conn. App. 590, 592
(1992).
It is undisputed that the appeal in this case was not filed within the forty-five day time limit. "The CT Page 10231 failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities,195 Conn. 543, 550 (1985). It is immaterial that the failure was unintentional and not directly attributable to the negligence of either the plaintiff or its attorney, as appears to be true in this case.
The appeal is dismissed for lack of jurisdiction.
Maloney, J.