[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Joseph N. Somers, appeals from the decision of the defendant Marlborough Conservation Commission (Commission), acting in its capacity as the Marlborough Inland Wetland and Watercourse Agency, to deny plaintiff's application for a permit to construct two agricultural ponds and an agricultural building/airplane hangar. The Town of Marlborough, the Town Clerk, the Chairman of the Commission and the Commissioner of Environmental Protection were also CT Page 10909 named as defendants. The Commission acted pursuant to General Statutes 22a-36 to 22a-45, The Inland Wetlands and Watercourses Act (the Act), and The Marlborough Inland Wetland and Watercourse Regulations (the Regulations). Appeals from decisions of local inland wetlands and watercourses agencies are authorized by General Statutes22a-43(a) and 4-183.
The court, on its own motion, questioned its jurisdiction to hear this appeal when the parties first appeared for oral argument. It continued the hearing in order to allow the parties to consider the issues raised by the apparent failure of the plaintiff to comply with the filing time requirements of section 4-183. Both parties then filed motions in response to the court's questions. The court finds the issues in favor of the defendants.
During the hearing on the motions to dismiss, the court accepted in evidence an affidavit of the town clerk of Marlborough and also permitted the defendant Commission to add to the record photocopies of the certified mail receipt which it received in connection with the notice of decision. The admission of these items is authorized, respectively, by Practice Book 143 and General Statutes 4-183(g).
Evidence in the record, which is undisputed, establishes the following facts relevant to the resolution of the issues raised by the motions to dismiss. The application form for the wetlands permit is dated January 23, 1991, and was accepted for consideration by the Commission on February 5, 1991. On the first page, the following entries (quotation marks added) appear in response to the numbered questions:
1. "Bull Hill Tree Farm — Joseph Somers, President" NAME OF APPLICANT
 "Bull Hill Road" "(203) 537-2393" BUSINESS ADDRESS BUSINESS TELEPHONE NUMBER
 "P.O. Box 300, Marlborough" "(203) 537-2393" HOME ADDRESS HOME TELEPHONE NUMBER
2. "Joseph Somers" NAME OF PROPERTY OWNER CT Page 10910
 "Bull Hill Road/Ogden Corp. Road, Marlborough" ADDRESS TELEPHONE NUMBER
3. "Bull Hill Road, Colchester, CT" "27/31 33 8" STREET ADDRESS ON PROPERTY TAX MAP LOT/BLOCK/ PARCEL NUMBER
4. If the Applicant is not the property owner, indicate the nature of Applicant's interest in the property.
"Applicant is property owner."
The application is signed in two places by the plaintiff, Joseph Somers. In the space on the form designated for "Applicant", he added in typewriting the title "Pres., Bull Hill Tree Farm." In the space designated for "Owner", he simply signed his name.
After the required public hearing, the Commission voted at its meeting on May 7, 1991, to deny the application. The minutes of that meeting reflect considerable discussion and a detailed explanation of the reasons why the majority voted to deny the application. The Commission sent notice of its decision by certified mail, return receipt requested, on May 10, 1991. The notice, ROR #28, indicates that a copy of the minutes was enclosed. There was no conflicting evidence on this point. The evidence in the record establishes that the notice was mailed to Joseph Somers, P.O. Box 300, Marlborough, CT 06447. It was delivered on May 13, 1991, and the return receipt was signed by one Elaine Koenig.
The plaintiff filed his appeal of the Commission's decision in this court on July 1, 1991, which was the fifty-second day after the mailing of the decision.
The plaintiff's motion is entitled "Plaintiff's Cross Motion to Dismiss Without Prejudice." The general thrust of this motion is that the Commission failed to give adequate notice of its decision on the application for the wetlands permit. Accordingly, the plaintiff argues, the decision never became effective and the time for filing an appeal never commenced.
The plaintiff's argument is based in part on the assumption that the provisions of General Statutes 4-180
CT Page 10911 apply to the proceedings of the Commission. That assumption cannot hold, however. General Statutes 22a-43 provides that appeals of the Commission's decisions may be taken "in accordance with the provisions of section 4-183." Section4-183 is, of course, contained within the Uniform Administrative Procedure Act (UAPA), as is section 4-180. Section4-180 does set forth the procedure for giving notice of the decision of an "agency." But that section only applies to state agencies; it does not govern the procedure to be followed by the Commission in this case. See the particular definition of the term "agency" as used in the UAPA in section 4-166. Furthermore, unlike the specific reference to section 4-183 in The Inland Wetlands and Watercourses Act, there is no reference in that Act to section 4-180.
The Inland Wetlands and Watercourses Act does, however, have its own provisions governing the giving of notice of the Commission's decision. Section 22a-42a(d) provides that "In granting, denying or limiting any permit for a regulated activity the inland wetlands agency [the Commission in this case] shall consider the factors set forth in section 22a-41, and such agency shall state upon the record the reason for its decision." (Emphasis added). That statute further provides, "[t]he applicant shall be notified of the agency's [Commission's] decision by certified mail within fifteen days of the date of the decision and the agency shall cause notice of their order . . . to be published in a newspaper having a general circulation in the town wherein the wetland and watercourse lies." (Emphasis added). It is well settled that "[a]s a matter of statutory construction, specific statutory provisions are presumed to prevail over more general statutory provisions dealing with the same overall subject matter." Hallenbeck v. St. Mark the Evangelist Corporation, 29 Conn. App. 618, 624 (1992). (Citation and internal quotation marks omitted). For all of these reasons, the court holds that the notice provisions of The Inland Wetlands and Watercourses Act, specifically General Statutes22a-42a(d), apply to decisions of inland wetlands agencies such as the Commission in this case. The provisions of General Statutes 4-180 of the UAPA do not apply to such agencies.
The plaintiff's claim that the notice was deficient in this case is based on the fact that the Commission addressed it to him personally, without including "Bull Hill Tree CT Page 10912 Farm", which was the name he designated as the applicant. He further argues that the Commission erred in addressing it to P.O. Box 300. These arguments have little substance, however. It is abundantly clear that Joseph Somers is the applicant. He lists himself on the application as the owner of the property and then states that the "[a]pplicant is property owner." In the space on the form designated "Home Address", he listed "P.O. Box 300, Marlborough." In his complaint on this appeal, in paragraph 1, he states that he applied for the permit as the owner of the property in question. At oral argument before this court, the plaintiff conceded that "Bull Hill Farm" is not a corporation, nor is it any other legal entity. Based on these uncontroverted facts, the court concludes that the Commission complied with the provisions of General Statutes22a-42a(d), which require that "[t]he applicant shall be notified of the agency's decision by certified mail within fifteen days of the date of the decision . . ."
The plaintiff also argues that the notice was deficient in that the reasons for the decision were not included in it. However, section 22a-42a(d) only requires that the "agency state upon the record the reason for its decision." The Commission did this, as reflected in its minutes. Furthermore, even if this statute could be construed as requiring that the notice to the applicant contain the reasons for the decision, the agency in fact complied in this case by enclosing the explanatory minutes.
For all of the above reasons, the plaintiff's motion for dismissal without prejudice cannot be sustained, and it is, accordingly, denied.[1]
As indicated above, this appeal was filed in court fifty-two days after the mailing of the Commission's decision. However, an appeal taken under section 22a-43
is bound by the 45-day filing period of section 4-183(c). Miller v. Conservation Commission, 27 Conn. App. 590, 595-96
(1992).
In Miller, the Appellate Court upheld the trial court's dismissal of an appeal where notice of the decision was mailed to the plaintiffs on February 14, 1991, the appeal was filed on April 15, 1991, and it was undisputed that the plaintiffs failed to file the writ within the 45-day period CT Page 10913 of 4-183(c).
The appeal in this case suffers the same jurisdictional defect.
The appeal is dismissed.
MALONEY, J.