[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Village Manor Health Care, Inc. and Village Manor Associates Limited Partnership (Village Manor), appeal the decision of the defendant Audrey Rowe, Commissioner of the Department of Income Maintenance (Commissioner), disallowing CT Page 11603 reimbursement of certain property, equipment and salary costs associated with the operation of a nursing home facility. The Commissioner acted pursuant to General Statutes 17-314. Plaintiffs bring their appeal pursuant to General Statutes4-183.
A preliminary review of the file and record in this case raises a question of the court's jurisdiction. The court must, therefore, "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera,207 Conn. 420, 429 (1988).
The relevant facts, which are not in dispute, are as follows. The Commissioner mailed the final decision of the Department to the plaintiffs on October 22, 1991. At the direction of the plaintiffs, a deputy sheriff of Hartford County served a true copy of the appeal on the Commissioner on December 5, 1991, the forty-fourth day after the mailing of the final decision. The appeal was received and filed in this court on December 9, 1991. That is the forty-eighth day after the mailing of the Commissioner's decision.
General Statutes 4-183(c) (Rev'd 1991) provides, in relevant part as follows:
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . .
The Commissioner moved to dismiss earlier in the history of this case, but the court (M. Hennessey, J.) denied the motion on the basis that timely service on the Commissioner was sufficient to preserve jurisdiction. Recent decisions of our appellate courts, however, compel a different result. Under such circumstances the court is not bound by the "law of the case" principle. Breen v. Phelps, 186 Conn. 86, 99-100 (1982).
The issue is whether the forty-five day time limitation CT Page 11604 applies both to service of process and filing the appeal in court. This year, our appellate courts held in the affirmative on that question. Public Act 88-317, which applies to this case, "changed the time period to forty-five days for both the filing of an administrative appeal and the service of the appeal on all parties of record." Raines v. Freedom of Information Commission, 221 Conn. 482, 487 (1992). See also Miller v. Conservation Commission, 27 Conn. App. 590, 592 (1992).
It is undisputed that the appeal in this case was not filed within the forty-five day time limit. "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543, 550 (1985).
For all of the above reasons, the court concludes that it lacks jurisdiction in this case. The appeal is, therefore, dismissed.
Maloney, J.