[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant Real Estate Commission revoking her real estate sales license. The Commission acted pursuant to General Statutes § 30-323. The plaintiff appeals pursuant to § 4-183.
A preliminary review of the file and record in this case raises a question of the court's jurisdiction. The court must, CT Page 6955-HH therefore, "fully resolve" the jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420,429 (1988). The question concerns the timeliness of the filing of the appeal in this court in accordance with General Statutes § 4-183(c) (Rev'd 1991).
General Statutes § 4-183(c) (Rev'd 1991) provides, in relevant part, as follows:
 (c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court. . . . (Emphasis added).
The court held an evidentiary hearing to determine when the CT Page 6955-II final decision was mailed by the Commission and when the appeal was filed in, this court. The latter date, which is undisputed, is shown by the file stamp of the clerk of the court to be January 15, 1993. The sole factual issue for the court to resolve, therefore, is whether the Commission mailed its final decision to the plaintiff on or after December 1, 1992. If the decision was mailed prior to December 1, 1992, the appeal would then have been filed more than 45 days after the mailing and would be untimely.
At the hearing before the court, the Commission's copy of the final decision was introduced in evidence, and, of course, the decision is part of the record in the appeal. On the first page, above the text of the decision, appears the following legend:
DATE DECISION MAILED: NOVEMBER 25, 1992.
The word and numbers "November 25, 1992" are in bolder, darker type than the type of the other words in that legend and the remainder of the decision.
Attached to the Commission's copy of its decision is the CT Page 6955-JJ return receipt for the decision, which indicates that the plaintiff received it from the post office on December 2, 1992.
The director of the Real Estate Division of the Department of Consumer Protection, Laurence L. Hannafin, testified that he provides staff assistance to the Commission, including especially overseeing the mailing of its final decisions. He testified that the Commission chairman, who signed the decision in this case, returned the signed decision to him undated. Hannafin testified that he then had his secretary insert the date, November 25, 1992, and place it in the state mail system for deposit in the U.S. mail the same day. He stated that the different type is accounted for by the fact that the date is inserted later, after the decision itself is typed and signed.
The plaintiff, through her counsel, carefully cross-examined Hannafin, but introduced no evidence relating to the date of mailing.
The court takes judicial notice of the fact that Thanksgiving Day and a weekend fall between November 25, 1992 and December 2, CT Page 6955-KK 1992.
On the basis of the evidence summarized above, the court finds that the Commission's final decision was mailed to the plaintiff on November 25, 1992. This means that the plaintiff filed her appeal in this court on the fifty-first day after the mailing of the decision, which, of course, is in violation of the time limit prescribed by General Statutes § 4-183(c).
Although the court should preserve its jurisdiction over contested cases whenever possible, the applicable law requires dismissal in this case. Public Act 8-317 "changed the time period to forty-five days for both the filing of an administrative appeal and the service of the appeal on all parties of record." Raines v. Freedom of Information Commission,221 Conn. 482, 487 (1992). See also Miller v. ConservationCommission, 27 Conn. App. 590, 592 (1992). "The failure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the court of jurisdiction to hear it." Rogers v. Commission on Human Rightsand Opportunities, 195 Conn. 543, 550 (1985). It is immaterial CT Page 6955-LL that the failure was unintentional and perhaps not directly attributable to the negligence of either the plaintiff or her attorney.[1]
Although the appeal must be dismissed on jurisdictional grounds, the court has examined the record and the plaintiff's claims as set forth in her brief and at oral argument. In essence, she contends that the Commission misinterpreted General Statutes § 20-323 as requiring revocation of her license on account of her conviction, by guilty plea, of violating a federal statutes which prohibits the intentional avoidance of cash transaction reporting requirements. She further contends that the Commission wrongfully considered a newspaper account of her conviction in reaching its decision. The court has carefully considered the plaintiff's arguments and concludes that they could not be sustained. Rather, the court concludes that the Commission's decision to revoke the plaintiff's license was clearly required by § 20-323 and that she was not prejudiced by the newspaper article.
The appeal is dismissed by the court for lack of subject CT Page 6955-MM matter jurisdiction.
Maloney, J.