[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT ROBERT FROMER'S MOTION FORCONTEMPT (NO. 118)
I
The defendant Robert Fromer (Fromer) filed a motion for contempt, claiming that the plaintiff, Thomas J. Londregan, the New London Director of Law (plaintiff), is in violation of a previous judgment of this court on appeal from decisions of the defendant Freedom of Information Commission (FOIC). That judgment ordered the plaintiff to maintain certain City of New London (City) litigation files in the City Clerk's office or such other place which shall be in compliance with General Statutes § 1-19(a). Two days after the filing of this motion, however, FOIC rendered a final decision dismissing Fromer's complaint claiming the same violation. Fromer did not appeal from this decision. Since he failed to appeal the FOIC decision within the 45-day statutory time period, this court lacks subject matter jurisdiction to hear his claims. It follows that this motion must be dismissed. Even if this court does have such jurisdiction, however, I also find that the plaintiff is in compliance with its previous order, as the City Council has designated the plaintiff's law office as the official place of business of the City's Director of Law. It follows that even if the court possessed subject matter jurisdiction, the motion for contempt must fail.
 II
This contempt proceeding arises from Fromer's claim that the plaintiff has failed to comply with this court's order relating to the place of keeping and maintenance of certain CT Page 1420-SS litigation files of the City. The plaintiff keeps them at the office of his private law firm in New London. The plaintiff had previously appealed to this court from two related decisions of the FOIC (#FIC 92-71 and FIC 93-55), which ordered the plaintiff to allow Fromer access to the plaintiff's office to view the City files kept and maintained therein. On appeal, this court modified the FOIC decision and ordered that "the plaintiff, as Director of Law, shall maintain all . . . files of New London which may be in the plaintiff's possession, or entrusted to him in the future, in the office of the town clerk of the City of New London, or in such other place as shall be in compliance with General Statutes § 1-19(a)[1]." Londregan v.Freedom of Information Comm., Superior Court, Judicial District of New London, at New London, Docket No. 52 93 45 (July 18, 1994, Teller, J.).
On September 6, 1994, the City Council designated the plaintiff's private office as the official place of business of its Director of Law. (Resolution No. 090694). Thereafter, the plaintiff continued to maintain the City files at his law office. By letter dated January 5, 1995, Fromer requested that the FOIC issue an order of compliance to the plaintiff to place the City files in the office of the City Clerk or in another suitable public building. He also sought sanctions. The FOIC treated this request as a formal complaint, and heard it as a contested case at which both parties appeared. The FOIC rendered a final decision on October 25, 1995, in which it found that the plaintiff had not violated § 1-19(a). The FOIC therefore dismissed Fromer's complaint. (#FIC 95-8).
After the FOIC hearing but before its final decision was filed, Fromer filed the present contempt action. The motion asserts that the plaintiff is in violation of this court's July 18, 1994 order because he continues to maintain the City files at his private law office. After oral argument, the court requested briefs from the parties on the issues raised by the contempt motion and on the matter of subject matter jurisdiction, which the parties have submitted.[2]
 III
"The [FOIC] is an administrative agency . . . ." Perkinsv. Freedom of Information Commission, 228 Conn. 158, 164 n. 9 (1993). "[J]udicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act; CT Page 1420-TT General Statutes § 4-166 et seq. . . ." Ottochian v. Freedom ofInformation Commission, 221 Conn. 393, 397 (1992). "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes § 4-183(a). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Alterations in original, internal quotation marks omitted.) Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1992).
This court does not believe that it has subject matter jurisdiction over the present action. Fromer claims to be aggrieved by the plaintiff's failure to store the public files of New London in compliance with General Statutes § 1-19(a), as ordered by this court. The FOIC rendered a final decision on this matter on October 25, 1995, dismissing Fromer's complaint.(#FIC 95-8). The proper course of action would have been for Fromer to appeal from that decision in accordance with the statutory requirements of § 4-183. Simko v. Zoning Board ofAppeals, supra, 206 Conn. 377. Fromer, however, has failed to file an appeal within the forty-five day limitation period. § 4-183. Therefore, the present action must be dismissed for lack of subject matter jurisdiction. Miller v. ConservationCommission, 27 Conn. App. 590, 595-96 (1992).
Our courts ". . . have long adhered to the rule that, where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) LaCroix v. Board ofEducation, 199 Conn. 70, 78 (1986). There are some exceptions to this general rule which have been narrowly defined and applied infrequently. See Cahill v. Board of Education,198 Conn. 229, 241-43 (1985) (Cahill II); Connecticut Light PowerCo. v. Norwalk, 179 Conn. 111, 117 (1979); and Cummings v.Tripp, 204 Conn. 67, 81 (1987). None of these exceptions apply to this case.
The administrative remedies available to Fromer, had he prevailed in the FOIC hearing, would have been adequate. CT Page 1420-UU Orders of the FOIC have the force of law, and it is presumed that the plaintiff, as a public officer, would have complied with them. Moreover, failure to comply with a lawful order of the FOIC would subject the plaintiff to criminal penalties. See § 1-21k(b).
Assuming arguendo, that this court does have subject matter jurisdiction over the contempt proceeding, the court finds the plaintiff to be in substantial compliance with the alternate prong of its order as the City Council's resolution designated the plaintiff's office as the official place of business of the Director of Law. Thus, his private office is both the regular office or place of business of the New London Director of Law.
The FOIC fully heard and considered Fromer's claims in a contested hearing. He essentially repeats these claims in his motion for contempt. The FOIC has found that the plaintiff maintains the City litigation files at his place of business which is generally open to the public Monday through Friday between the hours of 9:00 a.m. and 5:00 p.m. The FOIC further concluded that the plaintiff did not violate § 1-19(a), by maintaining the City records at his regular office or place of business.
The FOIC also construed the statute not to require that the plaintiff's office be publicly owned or leased, contrary to Fromer's claims. This court agrees with the FOIC's interpretation. ". . . [G]reat deference must be accorded the construction given to the statute by the board, which is charged with enforcement of that statute and the regulations."U.S. Vision. Inc. v. Board of Examiners for Opticians,15 Conn. App. 205, 216-17 (1988).
Accordingly, the plaintiff is now in compliance with the spirit and intent of the court's order.[3]
Finally, in the context of this case, Fromer has not shown that the plaintiff has acted in wilful disregard of this court's order. This is especially so when, in fact, the plaintiff has complied with the lawful order of the FOIC.
For the foregoing reasons, the motion for contempt fails. CT Page 1420-VV
Teller, J.