[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Employment Security Board of Review denying unemployment compensation benefits to the plaintiff. For reasons hereinafter stated the appeal is dismissed. CT Page 14551
The record indicates that the plaintiff was employed as an administrative aid in the document control data bank department of the Electric Boat Corporation from January 27, 1981 to January 3, 1997. In 1996, the employer offered the claimant a voluntary retirement option with a number of significant benefits. To be eligible for the early retirement option, it was necessary for the claimant to accept the offer by November 30, 1996. The claimant accepted the early retirement option in November of 1996. A significant factor in her decision to take advantage of the early retirement option was her fear that she would be laid off in the near future.
After separation from her employment, plaintiff filed for unemployment compensation benefits. On January 27, 1997, the administrator determined that plaintiff was eligible for such benefits and the payment of benefits commenced when the decision was issued. The employer filed an appeal to a referee on February 14, 1997. The referee conducted a hearing, made findings of fact and reversed the administrator's determination of eligibility. This decision became final on October 10, 1997. Plaintiff then filed an appeal to the Board of Review on March 11, 1998. This appeal was dismissed by the Board pursuant to C.G.S. §§31-248(a) and 31-249 for lack of jurisdiction. By decision issued April 9, 1998, the Board found that the plaintiff did not have "good cause within the meaning of § 31-248(a) for filing a late appeal.
This appeal is from the decision of the Board.
In appeals such as the present case, the authority of the court to review the decision of the Board is limited by C.G.S. § 31-249b and Connecticut Practice Book § 22-9. The court does not retry the facts or hear evidence, but rather sits as an appellate court to review only the record certified and filed by the Board of Review. United Parcel Service, Inc. v. TheAdministrator, 209 Conn. 381, 385 (1988). The court is bound by the findings of the subordinate facts and the reasonable factual conclusions of the board. Finkenstein v. Administrator,192 Conn. 104, 112-113 (1984). If the Board's conclusions are reasonably and logically drawn, the court has no authority to alter them.Guevara v. Administrator 172 Conn. 492, 495-496 (1977). Legal conclusions must stand if they result from a correct application of the law of the facts and could reasonably and logically follow from such facts. Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 5 (1980). CT Page 14552
As a preliminary matter, it is found that the plaintiff, the person filing the claim for unemployment compensation benefits, is aggrieved and has standing to prosecute this appeal.
The pivotal issue in this case is the late filing of the appeal from the referee's decision to the Board of Review.
General Statutes § 31-248(a) provides in effect that: Any decision by a referee shall become final on the twenty-second calendar date after the date in which a copy of the decision was mailed to the claimant unless a timely appeal has been filed.
In this case, the referee's decision became final on October 10, 1997. The plaintiff's appeal to the Board of Review was not made until March 11, 1998, five months after the date of the decision.
The right to unemployment compensation benefits is a right created by statute. A statutory right to appeal may be exercised only by strict compliance with the statutory provisions by which it was created. Miller v. Conservation Commission,27 Conn. App. 590, 595 (1992).
Under the provisions of C.G.S. § 31-248(a)(1), any appeal from the referee to the Board filed after the twenty-one day period may be considered to be timely filed if the filing party shows good cause as defined by the regulations adopted by the Board pursuant to § 31-249h. Here, the Board determined that the plaintiff had not shown good cause in late filing of her appeal to the Board.
Plaintiff's explanation for her late filing of the appeal to the Board was that she was told by a member of the General Assembly that her appeal would not likely be successful without legal representation and that she could not then afford such representation. The Board found that this reason demonstrated a lack of due diligence on the part of the plaintiff. The record indicates that at the time the referee's decision was promulgated plaintiff was clearly informed of the time requirements for any appeal. On the document setting forth the referee's decision, there appeared in bold type, the following: "If you wish toappeal this decision, you must do so by October 9, 1997. Seebelow for important information regarding your appeal rights."
Following this notice was a detailed statement of plaintiff's CT Page 14553 appellate rights.
It must be determined that the Board's conclusion that the plaintiff has failed to establish good cause for late filing was logical and reasonable based upon the subordinate facts.
In her brief to the court, plaintiff concentrates on her claim that, under the circumstances of this case, she should not be required to repay the compensation received. This issue, however, is not now before the court and must be pursued in a separate administrative procedure under the statutes.
Accordingly, the appeal by the plaintiff from the decision of the Board is dismissed.
Joseph J. Purtill, Judge Trial Referee