JAMES RAINES *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(14342)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued January 7—decision released March 24, 1992

*George V. Lawler,* for the appellant (plaintiff).

*Victor R. Perpetua,* commission counsel, with whom were *Susan A. Quinn* and, on the brief, *Mitchell W. Pearlman,* general counsel, *Catherine Wassel-Nasto,*

commission counsel, and *Ralph G. Elliot,* for the appellees (named defendant et al.).

*Joseph Musco,* for the appellees (defendant New Britain police department et al.).

GLASS, J. This is an appeal from the judgment of the trial court dismissing the plaintiff's appeal of two final decisions of the named defendant, the freedom of information commission (FOIC). The trial court concluded that the appeal had been untimely served and, therefore, that it lacked subject matter jurisdiction over the appeal. We affirm the judgment of the trial court.

The facts essential to the disposition of this appeal are undisputed. In October and November, 1988, the Hartford Courant and the New Britain Herald filed complaints with the FOIC appealing the New Britain police department's denial of requests to disclose the records of an internal affairs investigation of the plaintiff, former New Britain police officer James Raines.[1] The FOIC consolidated the complaints and, on December 8, 1988, held a hearing. At the hearing, the plaintiff was made a party to both contested cases. The FOIC determined that the records were subject to disclosure and mailed notice of its final decision to the parties.

The plaintiff timely appealed the decision of the FOIC to the Superior Court. In ruling on the defendant Hartford Courant's motion in limine, the trial court, *Freed, J.,* remanded the matter to the FOIC for an in camera inspection of the records in accordance with *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 556 A.2d 592 (1989),[2] and for

---

[1] The Hartford Courant, through one of its reporters, Elizabeth Willen, filed a complaint with the FOIC on October 24, 1988. The New Britain Herald, through its executive editor, Henry Keezing, filed a similar complaint with the FOIC on November 2, 1988.

[2] In *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 596–97, 556 A.2d 592 (1989), this court rejected the FOIC's blanket

consideration of additional evidence. Pursuant to the remand order, a hearing was held by the FOIC on June 28, 1990. The hearing officer who presided at this hearing incorporated some of the findings made by the hearing officer who had presided at the December 8, 1988 hearing. The FOIC issued a final decision ordering the New Britain police department to provide the complainants access to the records with certain portions redacted and, on September 19, 1990, mailed notice of its decision to all parties.

The plaintiff appealed that decision to the Superior Court, and served a copy of the appeal on the FOIC on November 2, 1990, forty-four days after the FOIC had mailed its decision. The FOIC moved to dismiss the appeal, claiming that it had not been timely served and, therefore, that the trial court lacked subject matter jurisdiction. The trial court, *Stengel, J.,* granted the FOIC's motion to dismiss. The plaintiff appealed to the Appellate Court and we transferred the case to this court pursuant to Practice Book § 4023.

The sole issue in this appeal is whether General Statutes § 4-183 (c),[3] as revised by No. 88-317 of the 1988

ruling that disclosure of job evaluations of school employees would not be protected as invasive of privacy under General Statutes § 1-19 (b) (2). This court remanded the case to the trial court with direction to order the FOIC to conduct an in camera inspection of the requested records and to consider any additional evidence submitted by the parties in order to determine whether the need for disclosure outweighed the public policy in favor of the confidentiality of private and personal information. See *State* v. *Januszewski,* 182 Conn. 142, 172, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). In *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 200–201, 585 A.2d 96 (1991), in concluding that disclosure of a state's attorney's personnel evaluation constituted an invasion of privacy as a matter of law, this court overruled the holding in *Board of Education* v. *Freedom of Information Commission,* supra, to the extent that it suggested that the *Januszewski* balancing test was applicable to situations covered by specific statutory provisions of the Freedom of Information Act.

[3] General Statutes § 4-183 provides in pertinent part: "APPEAL TO SUPERIOR COURT. . . .

"(c) Within forty-five days after mailing of the final decision under

Public Acts, is applicable to the plaintiff's appeal. The plaintiff argues that the FOIC proceeding from which he appealed commenced with the hearing that was held on June 28, 1990, and, therefore, is governed by the service of process provisions of § 4-183 as revised, which applies to proceedings commenced on or after July 1, 1989. General Statutes § 4-185. The FOIC contends that our decisions in *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* 217 Conn. 143, 584 A.2d 1183 (1991), and *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 585 A.2d 76 (1991), compel the conclusion that the agency proceedings commenced with the filing of the complaints in 1988, prior to the effective date of the revision.[4] We agree with the FOIC.

Number 88-317 of the 1988 Public Acts (act) was a comprehensive piece of legislation that substantially revised the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Prior to the 1988 revisions to the UAPA, a person aggrieved by a

section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

[4] Two other defendants, The Hartford Courant and Elizabeth Willen, joined in the arguments presented by the FOIC in its brief on appeal.

final agency decision was required to file an appeal within forty-five days and serve copies of the appeal upon the agency and all parties of record within thirty days of the mailing of the notice of the decision.[5] Section 4-183 (c), as revised by the act, changed the time period to forty-five days for both the filing of an administrative appeal and the service of the appeal upon all parties of record. In *Vernon Village, Inc.* v. *Carothers,* supra, 138, this court concluded that under § 4-185,[6] the application and effective date of the revisions "is tied to the date that the underlying agency proceedings commenced, and in cases where such proceedings had commenced before July 1, 1989, the effective date of the act, the act is inapplicable."

The plaintiff argues that the initial agency proceedings in this case terminated when he appealed from the first agency decision and, therefore, a new proceeding commenced with the hearing held on June 28, 1990, pursuant to the trial court's remand. Because this "pro-

---

[5] Prior to the 1988 revisions to the UAPA, the time periods for appealing an agency decision to the Superior Court were set forth in General Statutes (Rev. to 1987) § 4-183 (b). That section provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[6] General Statutes § 4-185 provides in relevant part: "(a) This chapter applies to all agency proceedings commenced on or after July 1, 1989. Each agency proceeding commenced before July 1, 1989, is governed by the law in effect when the proceeding was commenced."

ceeding" commenced after July 1, 1989, the effective date of the UAPA revisions, the plaintiff claims that his service of the appeal upon the FOIC within forty-five days of the mailing of the decision was timely. We disagree.

The agency proceedings in this case were initiated in October and November, 1988, when complaints were filed with the FOIC seeking disclosure of the records of the New Britain police department's internal affairs investigation of the plaintiff. After the plaintiff's appeal from the initial agency decision, the trial court remanded the case to the FOIC for an in camera inspection of the records pursuant to this court's decision in *Board of Education* v. *Freedom of Information Commission,* supra, and for consideration of additional evidence. In considering whether a trial court's remand order is an appealable final judgment, we have stated that "[a] judgment by a trial court ordering further administrative proceedings" does not terminate "a separate and distinct proceeding." (Internal quotation marks omitted.) *Schieffelin & Co.* v. *Department of Liquor Control,* 202 Conn. 405, 409–10, 521 A.2d 566 (1987) (remand by trial court ordering agency to undertake evidentiary inquiry into matter not addressed in previous agency decision was not appealable final judgment); see also *Eastern Connecticut Cable Television, Inc.* v. *Department of Public Utility Control,* 214 Conn. 609, 614, 573 A.2d 311 (1990) ("there is no final judgment if the administrative record is incomplete because a remand requires further evidentiary determinations that are not merely ministerial").

In the present case, the remand was ordered in a ruling on a motion in limine and, thus, the trial court made no determination of the merits of the appeal. The trial court ordered the FOIC to review evidence that had been submitted at the December 8, 1988 hearing as well as to consider any new evidence that the parties might

submit. The hearing upon remand, although conducted by a different hearing officer, incorporated findings from the December 8, 1988 hearing. Moreover, no new complaints were filed and no new docket numbers were assigned by the FOIC. Finally, in the decision from which this appeal was taken, the FOIC referred to the matter that was heard on December 8, 1988, as having been "reopened," and based its findings and conclusions on its "consideration of the *entire* record." (Emphasis added.) We discern no persuasive reason on these facts "why we should view each fragmented subproceeding within [the] agency proceeding as triggering the application of the act. Indeed, the act itself suggests that hearings are merely component proceedings within a larger, more inclusive agency proceeding commencing before the hearing stage."[7] *Vernon Village, Inc.* v. *Carothers,* supra, 141. We conclude, therefore, that the June 28, 1990 hearing, held pursuant to the trial court's remand order, was a continuation of the original agency proceeding and not, as the plaintiff claims, a separate and distinct proceeding to which § 4-183 (c) as revised would apply.

"Appeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972). ' "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." ' *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201

[7] We do not decide whether a trial court's remand that ordered an administrative agency to conduct a hearing ab initio would commence new "proceedings" within the meaning of General Statutes § 4-185. But see *Harrison* v. *Commissioner,* 204 Conn. 672, 673 n.1, 529 A.2d 188 (1987) (trial court's remand order to defendant commissioner of department of income maintenance for "new full hearing" on plaintiff's application for Medicaid was appealable final judgment).

Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979)." *Vernon Village, Inc.* v. *Carothers,* supra, 142. It is undisputed that the plaintiff failed to serve a copy of his appeal on the FOIC within thirty days of the mailing of the decision, as required by § 4-183 (b) prior to its revision by the act. Accordingly, we conclude that the trial court properly dismissed the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other justices concurred.