[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The court notified the parties through their attorneys of a question of the court's jurisdiction. The defendant commissioner had raised the issue in his brief to the court on the merits of the appeal. The court scheduled a hearing on April 25, 1994, to allow counsel the opportunity to present argument and evidence. Plaintiff's counsel did non appear, and the court determined, therefore, to decide the jurisdictional issue on the basis of the evidence contained in the court file and record of the case.
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. [Castro v. Viera], 207 Conn. 420, 429 (1988). General Statutes § 4-183(a) provides that an appeal of an administrative decision must be served on all parties of record "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to serve an appeal within the statutory time period deprives the court of subject matter jurisdiction. [Raines v. Freedom ofInformation Commission], 221 Conn. 482, 487 (1992).
In this case, the record indicates that the commissioner's final decision was mailed on July 30, 1993. The sheriff's return indicates that he made personal service of the appeal on the commissioner's authorized representative on September 27, 1993. That is the sixtieth day after the date of the mailing of the final decision. The plaintiff did not, therefore, serve the appeal within the time prescribed by statute. Accordingly, the court lacks subject matter jurisdiction.
The appeal is dismissed.
MALONEY, J. CT Page 4519