[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal a declaratory ruling of the defendant state employees retirement commission concerning the distribution of certain funds in the retirement account of Sammy L. Butler, deceased. The defendant commission moves to dismiss the appeal alleging the court's lack of subject matter jurisdiction. Specifically, the commission contends that the plaintiffs failed to comply with the provisions of General Statutes § 4-183(a). The court finds the issues in favor of the defendant.
The relevant facts, which are not in dispute, are as follows. The commission mailed the ruling, which is the subject of this appeal, to all parties on March 17, 1994. At the direction of the plaintiffs, a deputy sheriff served a true copy of the appeal on the commission on May 2, 1994. That was the forty-fifth day after the mailing of the final decision. The appeal was then filed in this CT Page 7784 court on May 17, 1994. That was the sixty-first day after the mailing of the decision by the agency.
Section § 4-183(a) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction.Glastonbury Volunteer Ambulance Association, Inc. v.Freedom of information Commission et al, 227 Conn. 848
(1993). This time requirement applies to both the filing of the appeal and the service of the appeal on all parties of record. Raines v. Freedom of InformationCommission, 221 Conn. 482, 487 (1992).
It is undisputed that the appeal in this case was not filed in the court within the forty-five day time limit. The plaintiffs argue that their service of the appeal on the defendant, which was timely, afforded the defendant sufficient notice of the appeal and that, therefore, the defendant has suffered no prejudice as a result of the late filing. This argument may not be sustained. Lack of prejudice may be a factor that can salvage a case where there is merely some defect in the process. In a case where the appeal is not timely filed, however, lack of prejudice to the defendant agency is not relevant to the question of the court's jurisdiction.Glastonbury Voluntary Ambulance Association, Inc. v.FOIC, supra 856.
In accordance with the authorities cited above, the court lacks jurisdiction over the subject matter, and the appeal must be dismissed.
The appeal is dismissed.
MALONEY, J. CT Page 7785