[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Nora B. Polchlopek, executrix of the estate of Eugene Polchlopek, appeals a determination of the employee services bureau of the office of the comptroller concerning the amount of employee group life insurance in force on the decedent's life at the time of his death. The plaintiff brings this appeal pursuant to the provisions of the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., in particular, § 4-183. The defendant moves to dismiss for lack of subject matter jurisdiction. The court finds the issues in favor of the defendant. CT Page 9263
The plaintiff's decedent had been an employee of the state and was covered under its group life insurance policy. The plaintiff alleges that the policy provided a reduced benefit upon the insured's retirement, except the retiring employee could elect to continue the full amount in force, presumably upon payment of an extra premium.
The plaintiff retired from state service because of physical disability on August 1, 1991. Shortly thereafter, the defendant's office attempted to notify the decedent about the reduction in his life insurance coverage. The plaintiff alleges that the decedent was not then capable of understanding the defendant's letter. She claims that, as a result, the notice was "ineffective and deprived the plaintiff's decedent of the ability to take the steps necessary to maintain the level of his life insurance coverage."
On October 14, 1991, Eugene Polchlopek died, and thereafter his estate received a check for the reduced amount of life insurance. On October 7, 1993, the plaintiff executrix requested "an administrative determination" from the defendant concerning the amount of the insurance and citing her claim that the prior notification to the decedent was defective. On December 22, 1993, the defendant advised the plaintiff that the reduced amount of insurance was "appropriate." It is that determination which the plaintiff appeals in this case.
General Statutes §§ 4-166 and 4-183 provide only a limited right of appeal from state agency actions to this court. A person may appeal only a "final decision," which is defined as an "agency determination in a contested case.' A "contested case" is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (person"s) legal right or privilege in a hearing or after an opportunity for a hearing." Summit HydropowerPartnership v. Commissioner of Environmental Protection,226 Conn. 792, 802 (1993). CT Page 9264
In this case, the plaintiff has not referred the court to any statute that required the defendant to hold a hearing on the plaintiff's "requested (an) administrative determination . . . as to whether the payment of a reduced amount of life insurance benefits was appropriate." The plaintiff cites § 5-155a(j) and (k). These statutes pertain to the Connecticut State Employees Retirement Commission, an independent commission established pursuant to § 5-155a(a). Although the cited statutes do provide a procedure for resolving claims concerning pensions and related benefits that are brought obligations on the office of the comptroller. In particular, they do not require the defendant in this case to hold a hearing prior to answering questions received from retired employees or their representatives, and, of course, no hearing was held. For that reason, the plaintiff has no statutory right of appeal, and this court lacks subject matter jurisdiction.
In addition to the absence of a contested case under the Uniform Administrative Procedure Act, other jurisdictional defects appear in the court's record in this appeal. The court must "fully resolve" all jurisdictional questions before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988).
Section § 4-183(a) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction.Glastonbury Volunteer Ambulance Association, Inc. v.Freedom of Information Commission et al, 227 Conn. 848
(1993). The failure to serve the appeal within the statutory time limit also deprives the court of subject matter jurisdiction. Raines v. Freedom of InformationCommission, 221 Conn. 482, 487 (1992).
In this case, the plaintiff's complaint on appeal, her brief opposing the motion to dismiss and the defendant's brief on that motion indicate that the CT Page 9265 defendant's decision in this case was mailed to the plaintiff on December 22, 1993. The clerk's date stamp on the appeal filed in this court and the return of the deputy sheriff who made service on the defendant indicate that the appeal was filed in court on February 7, 1994, and served on the defendant on February 10, 1994. Those are the forty-seventh and fiftieth days, respectively, after the mailing of the defendant's decision. Since the appeal was neither filed nor served within the forty-five day time period, the court lacks subject matter jurisdiction. These defects exist independent of the contested case issue and would require dismissal of the appeal even if the defendant's decision was otherwise subject to § 4-183.
For all of the reasons set forth above, the plaintiff's appeal is dismissed.
MALONEY, J.