[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant freedom of information commission denying him access to certain documents and records. The issue before the court at this time concerns the court's jurisdiction under General Statutes § 4-183. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute. The commission mailed its final decision on the plaintiff's complaint on March 1, 1993. On April 5, 1993, the plaintiff filed in the Superior Court at Middletown an application for waiver of filing fee, sheriff's fee and recognizance in connection with an appeal of the commission's decision. He attached to that application the complaint on appeal, signed by him pro se. On April 7, 1993, the court (Arena, J.) denied the application for fee waiver on the basis that the complaint was frivolous. On April 18, 1993, the plaintiff moved to disqualify Judge Arena. On April 19, 1993, Judge Arena denied the motion to disqualify but reopened the application for fee waiver to permit reargument by the plaintiff. On April 19, 1993, the court (J. Walsh, J.) reconsidered the application and granted the plaintiff's request, finding that the complaint had colorable CT Page 547 validity.
On April 21, 1993, an assistant clerk of the court signed the summons at the request of the plaintiff, using the JD-CV-1 state form in accordance with the practice book requirements. The plaintiff also signed the form signifying his appearance pro se. In accordance with the fee waiver, the assistant clerk did not collect a filing fee and she noted that the requirement for a recognizance had also been waived.
After obtaining the assistant's clerk's signature on the summons, the plaintiff took all the papers to a deputy sheriff to arrange for service on the defendants, leaving nothing in the clerk's office. The sheriff made service on April 29, 1993, and then sent the appeal papers along with his return of service back to the court. The clerk's office received the papers on May 10, 1993, as indicated by its date stamp showing that date as the "File Date."
All of the dates set forth above are recorded in the court's physical file or its computer record of the appeal or in both such records.
Subsection (c) of General Statutes § 4-183 provides that an appeal of an administrative decision must be served on all parties of record and filed in the Superior Court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury VolunteerAmbulance Association. Inc. v. Freedom of InformationCommission et al, 227 Conn. 848 (1993). The failure to serve the appeal within the statutory time limit deprives the court of subject matter jurisdiction. Raines v.Freedom of Information Commission, 221 Conn. 482, 487
(1992).
The law provides an exception to the time limits established in subsection (c) of § 4-183. Subsection (m) of the statute provides, in relevant part, that "[t]he filing of the application for the waiver (of fees) shall CT Page 548 toll the time limits for the filing of an appeal until such time as a judgment on such application is rendered." The court interprets the phrase "time limits for the filing of an appeal" to include the time limit for service of the appeal on any defendant. The whole text of subsection (m) refers to "costs of an appeal under this section," which include "fees, costs and necessary expenses, including the requirements of bond, if any." Since subsection (c) specifically refers to service of process by sheriff as a proper method of service of an appeal, the court construes the phrase "fees, costs and necessary expenses" to include sheriff's fees. It follows that an application for a waiver of fees, which includes sheriff's fees, tolls not only the time for filing the appeal in court but also tolls the time for service of the appeal on the defendants.
In the present case, the defendants contend that the date the appeal was "filed" within the meaning of § 4-183(c) was May 10, 1993, the date so indicated by the clerk's stamp. Using that date as the date of filing, they argue that the appeal was filed late. They point out that there are fifty-five days between March 1 and May 10, even subtracting the period from April 5 to April 19 when the court was acting on the plaintiff's application for fee waiver, well over the forty-five days allowed by the statute,
The plaintiff argues that the filing date, under the circumstances of this case is no later than April 21, when the assistant clerk signed the summons and turned all the papers over to the plaintiff. The court agrees.
On April 21, 1993, when the assistant clerk of the court endorsed the summons form, the plaintiff had satisfied every requirement under the law for filing his appeal in the Superior Court at Middletown. Furthermore, he had already formally presented the appeal for substantive review by two judges of that court, and they had entered orders in connection with the appeal. These actions by the plaintiff and the court in connection with the appeal are recorded in the court's computer system as of April 5, April 18 and April 19, 1993. Under these unique circumstances, the court concludes that the appeal was filed in the court, within the meaning of § 4-183(c), CT Page 549 on April 21, 1993. It is true that the plaintiff removed the papers from the court on that day, temporarily, for the purpose of letting the deputy sheriff make true copies to serve on the defendants. That fact does not, however, alter the status of the appeal as already established in the court.
Using the date of April 21 as the filing date and subtracting the period April 5 to April 19, when the court was considering the application for fee waiver, the court calculates that the appeal was filed in the court, within the meaning of § 4-183(c), on the thirty-sixth day after the mailing of the agency's final decision. The filing was, therefore, timely.
Service of the appeal on the defendants was accomplished on April 29, 1993. Again subtracting the fee waiver period, the court calculates that service occurred on the forty-fourth day after mailing of the final decision and was timely.
For the reasons set forth above, the court holds that it has jurisdiction to hear the plaintiff's appeal.
MALONEY, J.