[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Barry Schuss appeals the decision of the CT Page 9251 defendant department of social services, rendered by its designated fair hearing officer, ordering the plaintiff to repay the sum of $211.00 that the hearing officer found to have been paid to the plaintiff in error. The plaintiff's appeal is authorized by General Statutes § 4-183. The department has moved to dismiss the appeal.
The basis of the department's motion to dismiss is its claim that the plaintiff failed to comply with the provisions of § 4-183 with respect to service of the appeal on the department.
General Statutes § 4-183(c) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." The failure to serve the appeal within the statutory time limit deprives the court of subject matter jurisdiction. Raines v. Freedom of InformationCommission, 221 Conn. 482, 487 (1992).
The record in the present case discloses that the department mailed the final decision of the hearing officer to all parties on March 30, 1994. The plaintiff filed the appeal in this court on May 12, 1994. No affidavit concerning the date of service, as required by subsection (d) of § 4-183, appears in the court's file.
The department has furnished the court an affidavit, however, in support of its motion to dismiss. This affidavit of the director of administrative hearings and appeals of the department states that its records show that the only copy of the plaintiff's appeal served on the department was received on December 16, 1994.
The court has afforded the plaintiff numerous opportunities and ample time to provide some convincing evidence that he served the department in accordance with the statutory requirements. No such evidence has been provided.
Based on the evidence, or lack thereof, summarized above, the court finds that the plaintiff did not serve CT Page 9252 a copy of the appeal on the defendant department within the forty-five day period required by § 4-183. Accordingly, the court lacks subject matter jurisdiction over the appeal.
The appeal is dismissed.
MALONEY, J.