[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff George W. Saba appeals the decision of the CT Page 13394 defendant commission on human rights and opportunities dismissing his complaint of employment discrimination. The commission acted pursuant to General Statutes § 46a-83(b). The plaintiff appeals pursuant to §§ 46a-83a, 46a-94 and 4-183. The court finds the issues in favor of the defendant commission.
Certain essential facts are not in dispute. In 1991, the plaintiff was working for the state division of criminal justice as an investigator in the states's attorney's office in the Tolland courthouse. In January of that year, he was injured in a fall, while on duty. Ultimately his doctors cleared him to return to work on a limited basis. The criminal justice division assigned him to its Wallingford office, stating that there was no other facility that offered a position accommodating his physical limitations. The plaintiff thereupon filed a complaint with the commission alleging that the division discriminated against him in the terms of his employment, on account of his physical disability, in violation of General Statutes § 46a-60. Specifically, he claimed that the division could have accommodated him at its Tolland office, which was more convenient for him. He claimed further that the Wallingford job was an inadequate accommodation because of the distance from his home.
In accordance with the provisions of General Statutes §46a-83(b), as amended by Public Act 94-238, the commission reviewed the plaintiff's complaint and the response of the division of criminal justice. That statute provides that if the commission "determines that the complaint fails to state a claim for relief or is frivolous on its face, or there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, the complaint shall be dismissed." Following its review of the case, the commission determined that there was no reasonable possibility that further investigation would result in a finding of reasonable cause to believe that a prohibited act of discrimination had taken place. The commission based its conclusion on documentary evidence submitted by the division concerning the job duties of an inspector and the requirements of its office in Tolland. Accordingly, it dismissed the case.
The basis of the plaintiff's appeal is his argument that the commission relied solely on evidence submitted by the division and ignored key portions of reports of his physicians. He claims that the commission should not have dismissed the complaint without an investigation, arguing that an investigation was CT Page 13395 required in order to substantiate the divisions factual assertions.
As indicated, the plaintiff's appeal is primarily based on his disagreement with the commission's assessment of the evidence furnished by the plaintiff and his employer. A basic principle of administrative law, however, is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991).
The court has reviewed the entire record in the present case. Prior to arriving at its ultimate conclusion, the commission had abundant evidence concerning the plaintiff's physical and mental condition, the job requirements at the Tolland and Wallingford offices, and the accommodations that the division of criminal justice proposed to make in the plaintiff's case. Based on this review, the court cannot say that the commission acted unreasonably, arbitrarily or in abuse of its discretion.
The court also notes that there is apparently a serious question of jurisdiction in this case. The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420, 429 (1988). Section § 4-183(c) provides that a copy of an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180). "Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer Ambulance AssociationInc. v. Freedom of Information Commission et al, 227 Conn. 848
CT Page 13396 (1993). The failure to serve the appeal within the statutory time limit also deprives the court of subject matter jurisdiction.Raines v. Freedom of Information Commission, 221 Conn. 482, 487
(1992).
A review of the record and court file in this case indicates that the commission mailed its decision to the parties on December 19, 1994. The plaintiff served and filed his appeal on February 3, 1995. That is the forty-sixth day after December 19. Accordingly, the appeal would have to be dismissed for that reason, aside from consideration of its merits.
The appeal is dismissed.
MALONEY, J.