[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Simuel Hughley appeals the decision of the defendant commission on human rights and opportunities dismissing his complaint of racial discrimination against the City of Hartford Department of Public Works. Presently before the court is the commission's motion to dismiss the plaintiff's appeal. The court finds the issues in favor of the commission.
The facts essential to the court's decision are not in dispute. The plaintiff filed the complaint against the city on April 1, 1989. The commission investigated the complaint and determined that there was reasonable cause to believe that the city was guilty of discrimination and certified the complaint for a hearing. Following the hearing, however, the presiding officer rendered his decision finding no discrimination and dismissing the plaintiff's complaint. That decision was mailed to the plaintiff on July 29, 1997.
The plaintiff appealed the decision by filing his petition in this court on September 8, 1997 and by mailing a copy of his petition to the commission on September 9, 1997.
The basis of the commission's motion to dismiss the appeal is that the plaintiff failed to mail the appeal petition to the commission within the time required by law. CT Page 2290
The law applicable in this case is that which was in effect at the time when the plaintiff filed his original complaint with the commission, April 1, 1989. Raines v.Freedom of Information Commission, 221 Conn. 482, 486
(1992). The statute in question, General Statutes § 4-183 (b) (Rev. to 1987), required a party appealing an agency's decision to mail a copy of the appeal petition to the agency, in this case the commission on human rights and opportunities, within thirty days after the agency mailed its decision to the party. Failure to meet that deadline deprives the court of jurisdiction over the appeal and requires its dismissal. Raines v. FOI, supra,221 Conn. 490.
In the present case, as noted, the plaintiff mailed a copy of his appeal petition to the commission on September 9, 1997. That was forty-two days after the commission mailed the presiding officer's decision to him, well beyond the thirty day requirement. In accordance with the Supreme Court's decision in theRaines case, therefore, this court has no jurisdiction over the appeal and must grant the commission's motion to dismiss it.
The appeal is dismissed.
MALONEY, J.