[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Town of Bethel and the Bethel Board of Assessment Appeals (the Board), have filed a motion to dismiss this tax appeal filed by Robert Jones and George Davon.[1] The appeal concerns the alleged overassessment of certain property that is located on Durant Avenue in Bethel. The respondents argue that this court lacks subject matter jurisdiction to hear this appeal because the property owners did not file the appeal with the Board, and have submitted a copy of a petition challenging the valuation of the Durant Avenue property. (Defendants' Memorandum of Law In Support of Their Motion To Dismiss, Ex. A.) The petition listed "Brookside Realty" as the name of the property owner and "Brookside Realty c/o Management Associates, Inc." as the name of the appellant. The respondents have also provided the results of a title search which indicate that when the petition was filed the record owners of the property in question were Robert Jones and Marianne Bolgar Davon. (Memorandum In Support, Ex. C.)
The appellants do not dispute that, although the owners of the property are Robert Jones and Marianne Bolgar Davon, the petition listed Brookside Realty as the property owner's name. CT Page 2587 They claim, however, that Daniel Green, the attorney for Robert Jones, appeared before the Board on March 20, 1997, and supposedly informed the Board that he was representing Jones and that Jones was a partner of Brookside Realty. (Affidavit of Green.) They also allege that the Town of Bethel sent a tax bill for the subject property to Robert Jones and Marianne Davon d/b/a Brookside Realty. (Memorandum In Opposition, Affidavits of Green and Jones; Real Estate Tax Bill.)
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom ofInformation Commission, 221 Conn. 482, 489-90 (1992). See also360 Hamilton Plaza v. Board of Tax Review, Superior Court, judicial district of Fairfield at Bridgeport, Docket NO. 323286 (August 6, 1996, Thim, J.). Section 12-111 of the General Statutes provides that "[a]ny person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals . . . . The written appeal shall include . . . the property owner's name . . . ." Therefore, the failure to comply with this provision renders this appeal subject to dismissal for lack of subject matter jurisdiction. The motion is, accordingly, granted.
Moraghan, J.