[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this appeal is whether it was error for the family support magistrate to decline to sign an income withholding order until the defendant received notice. The court finds the magistrate's failure to issue the order was contrary to General Statutes § 52-362(b).
The state of Connecticut initiated an action against the defendant pursuant to General Statutes § 46b-162 to establish paternity and for an order of child support for the minor child of the plaintiff. On December 2, 1997, the defendant was adjudicated to be the father of Manual Gonzalez, Jr., born to the plaintiff on July 31, 1996. At that time, an arrearage was found and the case was continued.
On March 3, 1998, a hearing was held before a family support magistrate in the absence of the defendant. The magistrate found that the defendant was ordered to be present and, therefore, entered orders based on the best available evidence. The magistrate ordered the defendant to pay $48.00 per week child support and $5.00 per week on the arrearage as previously found. At the hearing, the state requested that the magistrate sign a wage withholding order. The magistrate responded that "the Court has the wage withholding and income withholding [order] and because [the defendant] is not present and has not been noticed of these orders, the Court will not sign it, denies, declines to sign it. Notice must be provided as required under the statute." Transcript of March 3, 1998 Hearing, p. 4.
The state now appeals the decision of the magistrate pursuant CT Page 8494 to General Statutes § 46b-231(n). The state argues that magistrate erred in not signing the income withholding order and by making it effective only upon notice to the defendant.
General Statutes § 46b-231(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." As a threshold issue, the court must first determine whether the magistrate's decision in this case presents a judgment or decision from which an appeal can be taken.
The test for determining whether a claimant is aggrieved by a particular decision is two-fold: (1) the party claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. Newman v. Newman,235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that the state is aggrieved for the purposes of this appeal because the failure to issue a wage withholding order effective immediately could have the effect of increasing the arrearage, thereby necessitating additional court dates and costs to the state.
Furthermore, the court finds that the decision of the magistrate constitutes a final judgment for the purposes of appeal. "The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of [the] court."Walton v. New Hartford, 223 Conn. 155, 162 n. 9, 612 A.2d 1153
(1992). A final judgment is one "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." State v. Curcio,191 Conn. 27, 31, 463 A.2d 566 (1983). In the present case, paternity has been established and the magistrate issued permanent support orders on March 3, 1998.
The court next considers whether there has been compliance with procedural requirements of the appeal. "A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Raines v. Freedom of InformationCommission, 221 Conn. 482, 489, 604 A.2d 819 (1992). This appeal was filed in a timely manner, within fourteen days of the decision being appealed. Furthermore, counsel certified that service of the appeal upon the pro se party and the office of the CT Page 8495 Attorney General was made in accordance with General Statutes § 46b-231(n)(2) by certified mail. Transcripts were filed along with the magistrate's decision, and no additional evidence has been submitted.
General Statutes § 46b-231(n)(7) provides that the Superior Court may affirm the decision of the family support magistrate, remand it for further proceedings, or reverse or modify the decision. The Superior Court may reverse or modify a decision if "substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
The state argues that the magistrate erred in not signing an income withholding order. Specifically, the state argues that pursuant to General Statutes § 52-362(b), an income withholding order is to be issued effective immediately, even when a defendant is not present, and notice is to be given to the defendant subsequent to the order. Therefore, according to the state, the magistrate erred in making the order effective upon notice to the defendant. The court agrees.
General Statutes § 52-362(b), as amended by Public Acts 1997, No. 97-7, § 28, provides in relevant part that: "The Superior Court and any family support magistrate shall issue an order for withholding pursuant to this section against the income of an obligor to enforce a support order when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding. The court shall order the withholding to be effective immediately or may, for cause or pursuant to an agreement by the parties, order a contingent withholding to be effective only on accrual of a delinquency in an amount greater than or equal to thirty days' obligation. Any finding that there is cause not to order withholding to be effective immediately shall be based on at least (1) a written determination that, and explanation by the court or family support magistrate of why, implementing immediate income withholding would not be in the best interests of the child, and (2) proof of timely payment of CT Page 8496 previously ordered support in cases involving the modification of such support. . . . If the court or family support magistrate issuesan order for withholding to be effective immediately against anonappearing obligor, notice shall be served subsequently uponthe obligor in accordance with section 52-57 or sent by certified mail, return receipt requested, to the obligor's last known address, informing him: (A) that a support order has been issued to be enforced by an income withholding order, (B) that an income withholding order has been issued effective immediately as part of the support order, (C) of the minimum amount of income exempt from withholding under state and federal law and of his right at the hearing on the support order to claim any other applicable state or federal exemptions with respect thereto, (D) of his right to a hearing, upon motion to the court, to offer any evidence as to why the withholding order effective immediately should not continue in effect, (E) of the amount of income received by him which formed the basis for the support order against him, and (F) of his right to move to modify the support order if his income has changed substantially or if the support order substantially deviates from the child support guidelines established pursuant to section 46b-215a." (Emphasis added.)
The legislative history of General Statutes § 52-362(b) is instructive as to the purpose and intent of the statute. Acting Attorney General Clarine Nardi Riddle testified before the judiciary committee that "[i]n 1988, Congress passed the Family Support Act of 1988. The provisions of the law relating to child support, among other things, require that the states garnish an absent parent's wages whether or not the parent is in arrears unless the judge or magistrate finds good cause not to require an immediate withholding or a written agreement between the two parties provides for an alternate arrangement. Congress felt that by requiring all support orders to be enforced by wage withholding, eventually such withholding will be considered as routine as withholding for social security or income tax liability." Conn. Joint Standing Committee Hearings, Judiciary Committee, Pt. 3, 1989 Sess., p. 765. "The reason for the high priority given to child support collection is not merely to repay the state for AFDC benefits but to provide financial stability to the custodial parent and the child and to make the family financially self-sufficient." Conn. Joint Standing Committee Hearings, Judiciary Committee, Pt. 3, 1989 Sess., p. 840. The "wage orders and garnishments and support matters are automatic. . . ." 32 S. Proc., Pt. 12, 1989 Sess., p. 3948-49, CT Page 8497 remarks of Senator Avallone. See also 32 H.R. Proc., Pt. 21, 1989 Sess., p. 7456, remarks of Representative Tulisano (explaining that "there will be an automatic order of wage withholding").
It was further commented that "[u]nder the existing statute the garnishment may be immediate or contingent. A contingent garnishment is not an effective enforcement tool. It causes financial hardship for the custodial parents and their children and it creates [additional] work for support enforcement officers. It gives the obligor a [chance] to make payments on his own if he becomes delinquent, as you've already heard today, in an amount equal to 30 days. He must be served with notice before garnishment can be activated. This notice can be through certified mail with a return receipt requested or through personal service. Obviously, the kind of a parent who will not support his child will make a concerned effort to avoid being served with a delinquency notice. Often months go by before service can be completed. By the time a garnishment is in place, a sizeable arrearage has accrued which necessitates an additional court date to find the arrearage and set up a pay plan on it." Conn. Joint Standing Committee Hearings, Judiciary Committee, Pt. 2, 1989 Sess., p. 737, remarks of Patricia Caputo, president of Parents for Enforcement of Court Ordered Support. See also Emerick v. Emerick, 28 Conn. App. 794, 804, 613 A.2d 1351, cert. denied, 224 Conn. 915 (1992) (holding that the issuance of a wage execution is mandated by General Statutes § 52-362(b)).
The Connecticut Supreme Court adheres to the principles of statutory construction, where "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.)State v. Wilson, 242 Conn. 605, 611. 700 A.2d 633 (1997). When construing statutes, the courts will "avoid constructions that lead to absurd, unworkable or bizarre results." (Internal quotation marks omitted.) Konover v. West Hartford,242 Conn. 727, 743, 699 A.2d 158 (1997). Furthermore, the Supreme Court has held that "[i]f the statutory language . . . is clear and unambiguous . . . courts cannot, by construction, read into such statutes provisions which are not clearly stated." (Internal quotation marks omitted.) Iovieno v. Commissioner of Correction,242 Conn. 689, 670, 699 A.2d 1003 (1997). CT Page 8498
The plain language of § 52-362(b) mandates that a magistrate order the wage withholding effective immediately, unless the magistrate finds good cause or there is an agreement between the parties. In the present case, cause was not found to make the order contingent and there was no agreement between the parties. Thus, the magistrate was required to issue the wage withholding order effective immediately. The statute further provides that in the case of a nonappearing defendant, the order must still be issued effective immediately, and notice is to be given subsequently to the defendant. To require that notice be given prior to implementing the order contradicts the plain language of the statute, as it further states that a defendant may move the court for a hearing and offer evidence as to why the order, effective immediately, should not continue. The legislative history indicates that the intent of the statute and of Congress was to make such orders automatic.
Accordingly, the court finds that the magistrate erred in failing to sign the wage withholding order and in making it effective only upon notice to the defendant and, therefore, the magistrate's orders prejudice substantial rights of the appellant. Court reverses the decision of the magistrate as to the wage withholding order on the ground that it violates the statutory provisions, and remands this matter to the family magistrate for the entry of orders consistent with this decision.
Bishop, J.