[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff M. J. McDonough appeals the decision of the defendant department of public works of the city of Hartford imposing a fine on the plaintiff for improperly dumping trash on the curb or a municipal street. The department acted pursuant to section 15-24 of the Hartford Municipal Code. The plaintiff appeals pursuant to General Statutes § 7-152c(g) and Practice Book sec. 23-51. The court dismisses the appeal for lack of jurisdiction over the subject matter.
A review of the court's file on this appeal fails to indicate that the plaintiff ever served notice of the appeal on the defendant department. Furthermore, there is no appearance for the department in the file, which further supports the conclusion that the plaintiff never notified the department in any way that he was appealing its decision.
The court notified the parties of a hearing on the subject of its jurisdiction to be held on May 15, 2000, at 10:00 A.M. at the courthouse at 101 Lafayette Street, Hartford, courtroom 3A. Neither party appeared.
Based on the evidence in the court file and in the absence of any evidence to the contrary, the court finds that the plaintiff failed to notify the defendant department of his appeal of its order imposing the fine.
General Statutes § 7-152c(g) and Practice Book sec. 23-51 (a), read together, provide a right of appeal to this court from an assessment of a fine for violating a municipal ordinance. The petitioner must file the appeal within thirty days of the assessment. Practice Book sec. 23-51 (a) provides, in relevant part, that "A copy of the petition (appeal) with the notice of assessment annexed shall be sent by the petitioner bycertified mail to the . . . municipality involved. (Emphasis added.)
The court may at any time and on its own motion consider whether it has subject matter jurisdiction over a case, and the court must fully resolve the jurisdictional issue before considering the merits of an appeal.Glastonbury Volunteer Ambulance Association, Inc. v. Freedom ofInformation Commission, 227 Conn. 848 (1993). CT Page 6995
The failure to serve a copy of the appeal on the defendant agency within the time allowed deprives the court of jurisdiction to hear an appeal under the uniform administrative procedure act. Raines v. Freedomof Information Commission, 221 Conn. 482 (1992).
Although the appeal in this case does not come within the provisions of the uniform administrative procedure act, the underlying purpose of the notification requirements in the two provisions is the same: to advise the agency involved of the existence and nature of the appeal so that the agency can appear in court to defend its decision. Furthermore, since there is no inherent right of appeal except as provided in the law, the provisions of the law must be strictly followed, especially those regarding filing and notification. Raines v. FOI supra, 221 Conn. 489.
In the present case, because the law and practice book require that the petitioner notify the city of the appeal by sending it a copy by certified mail and because the petitioner did not do so, the court holds that it lacks jurisdiction to hear and decide the appeal.
The appeal is dismissed.
Maloney, J.