[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW ON DEFENDANTS' MOTION TO DISMISS
 I
The plaintiff, The Connecticut Post Limited Partnership ("Post"), has appealed a decision by the defendant, The New Haven City Plan Commission ("the CPC"), approving a Development Permit Application by the defendant New England Development (including Site Plan Review, Coastal Site Plan Review and Soil Erosion and Sediment Control Review) for certain off-site improvements to be made in connection with a regional "shopping center to be known as the "Galleria at Long Wharf" to be constructed pursuant to a Development Agreement between the Commission and the defendant Long Wharf Galleria, LLC ("Long Wharf").
Post, the operator of a shopping mall in Milford, sought to intervene at the agency level in this, and related, proceedings pursuant to General Statutes, § 22a-19; having filed the verified pleading required by the statute, Post appealed the agency decision pursuant to General CT Page 8997 Statutes, § 8-8.
Now the defendants have moved to dismiss, asserting that the Court lacks subject matter jurisdiction in that the plaintiff is neither statutorily nor classically aggrieved; that the plaintiff never intervened in the site plan review at issue, and therefore has no standing to appeal the agency decision at issue; and that the appeal was not timely filed.
 II
Certain background facts are useful in understanding the positions of the parties: On February 26, 1999, and pursuant to Section 65 of the New Haven Zoning Ordinance ("the Ordinance"), the defendants Long Wharf and New Haven Development Commission submitted an Application and General Plans to the New Haven Board of Aldermen, seeking an amendment of the New Haven Zoning Map to include a Planned Development District ("PDD"). As required by Ordinance, Section 55.B.2, said application included an application for Coastal Site Plan Review. Pursuant to Ordinance, Section 55.B.3, the PDD application and site plan review were forwarded to the defendant CPC for review and recommendations.
On April 14, 1999, the CPC held a public hearing on the application for PDD and Coastal Site Plan Review. On that same date the plaintiff filed a verified pleading with the CPC, pursuant to General Statutes, § 22a-19, seeking to intervene in the proceeding, alleging that the project at issue was reasonably likely to unreasonably pollute, impair or destroy the public trust in the air, water or other natural resources of the state. The CPC denied the plaintiff "intervention and party status" but allowed the plaintiff to testify and submit documents. Following the hearing, the CPC adopted its Report 1268-01, which recommended approval, with conditions, of said application. On August 2, 1999, The Board of Aldermen met and approved the said application and amended the zoning map accordingly. Prior to said meeting, the plaintiff filed a verified petition, pursuant to § 22a-19, seeking party status. The Board refused to conduct a public hearing and refused to allow the petitioner to introduce expert testimony concerning the allegations of the verified petition. The actions of the CPC and the Board of Aldermen are the subject of an appeal pending (CV-99-0430198).
Report 1268-01 required, inter alia, that detailed plans be submitted within 12 months of the effective date of PDD designation.
 III
On September 1, 1999, the defendants New England Development and Long CT Page 8998 Wharf submitted the development permit application which is the subject of this appeal, seeking authorization to undertake certain off-site improvements related to construction of the Galleria at Long Wharf project. The CPC elected to proceed administratively, without a public hearing, and placed the said application on its agenda for its meeting of September 22, 1999.
On September 21, 1999, the plaintiff sought to intervene in the off-site improvements proceeding, enclosing a copy of its verified pleading filed on April 14th, and claiming said filing provided party status to the plaintiff in the off-site proceeding. The plaintiff also submitted for the record written materials, including a report based on a review of the materials submitted in support of the application relating to off-site improvements.
At its meeting of September 22, 1999, the CPC voted to deny the plaintiff's petition to intervene "since the allegations of the Verified Petition to Intervene do not pertain to the matters scheduled for consideration at this meeting." (Minutes of Meeting, September 22, 1999). The CPC proceeded to approve the off-site development permit with conditions and notice of its decision was published on September 30, 1999. The plaintiff filed its appeal to this court on October 13, 1999.
 IV
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court, Gurliacciv. Mayer, 218 Conn. 531, 544. Here, the defendants claim this court lacks subject matter jurisdiction because the plaintiff lacks standing to appeal the CPC's September 22, 1999 decision on the off-site improvements application. When ruling on a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader, Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11 (quotation marks omitted).
General Statutes, § 22a-19 provides that "any person" may "intervene as a party" in "any administrative, licensing or other proceeding, and in any judicial review thereof made available by law" "on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." An intervening party, however, may raise only environmental issues, Red Hill Coalition, Inc. v. Conservation Commission
CT Page 8999 (citation omitted), 212 Conn. 710, 717. Section 22a-19 must be read in connection with the legislation which defines the authority of the particular administrative agency and is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues, Connecticut Fund for the Environment, Inc.v. Stamford, 192 Conn. 247, 250.
One who intervenes pursuant to § 22a-19 in an administrative agency proceeding has standing to appeal the environmental issues associated with that agency's decision, Branhaven Plaza LLC. v. Inland WetlandsCommission, 251 Conn. 269, 276, n. 9.
A non-party in an administrative agency proceeding does not have standing to initiate an appeal from that agency's decision when no party to the agency proceeding has done so. Hylen-Davey v. Planning ZoningCommission, 57 Conn. App. 589, 591.
This Court must determine whether one who sought intervenor status in an administrative agency proceeding, pursuant to § 22a-19, and was denied intervention by said agency, has standing to initiate an appeal of that agency's decision on the application the subject of said proceeding. This Court's answer is "Yes, provided the plaintiff complied with the requirements of § 22a-19; intervenor status was improperly denied; and the authority of the agency concerned extends to environmental issues. Because the defendants have failed to establish their claim that the plaintiff lacks standing to initiate this appeal, and for reasons stated below, the Court will deny the defendants' Motion To Dismiss.
 V
In support of their motion to dismiss, he defendants assert that the plaintiff lacks standing to bring this appeal because the plaintiff failed to intervene in the CPC's proceeding regarding the off-site improvements application. The defendants assert that the plaintiff claims that it acquired intervenor status in the off-site improvements proceeding by virtue of its filing of a verified petition on April 14th to intervene in the PDD proceeding. The defendants reason that the PDD proceeding and the off-site improvements proceeding were two separate and distinct proceedings and the filing of a verified petition in the former could not bestow intervenor status to the plaintiff in the latter. The defendants cite language in Report 1268-01 (p. 10) to support their contention that consideration of proposed off-site storm water improvements was not part of the PDD proceeding.
In the section titled "Coastal Site Plan Review Finding," the Report CT Page 9000 states: Additional off-site improvements are proposed, and may require separate applications, but are not part of this review in conjunction with the proposed change in zoning designation from BE to PDD." The section concludes with a condition: "The applicant shall be required to investigate incorporating limited on or near-site wet pond storm water detention." The plaintiff argues that its filing a copy of its verified petition on September 21, entitled it to intervenor status in the off-site improvements proceeding and, consequently, conferred standing on the plaintiff to take the instant appeal. In addition, the plaintiff argues that the April 14th filing of a verified petition provides an independent basis for claiming intervenor status in the off-site improvements application review, as the April PDD review and the September off-site improvements review were parts of a single, unified proceeding. As to the claim that the allegations of the verified petition did not pertain to the matters to be addressed in the off-site improvements review, the plaintiff cites certain allegations of its petition as pertaining to the impacts at issue in the September off-site improvements review, namely:
 2c. Immediately adjacent to the subject property is one of the largest intertidal flats in the State of Connecticut. The CCMA policy regarding intertidal flats . . . is: "to manage intertidal flats o as to preserve their value . . . encourage the restoration and enhancement of degraded intertidal flats; to allow uses that minimize change . . . and to disallow uses that substantially accelerate erosion or lead to significant despoliation of tidal flats";
 2h. It is reasonably likely that in addition to contaminated sediment being used to fill the site . . . facilities within and surrounding the proposed Long Wharf site have contributed to further contamination of the site;
 2j. The proposed activity will result in significant cumulative and secondary impacts from storm water run-off from the proposed development which will have the reasonable likelihood of causing unreasonable adverse impacts to the adjacent off-site intertidal flats . . .:
The Court notes that Report 1278-01, addressing the off-site improvements application, approved certain off-site storm water drainage improvements as well as construction of a storm water pumping station, all "related to construction of the New Galleria at Long Wharf super regional shopping center . . ." CT Page 9001
The Court finds that the April PDD review and the September off-site improvements review constituted separate, albeit related, proceedings (as the term is used in General Statutes, § 22a-19) relating to a single project, the construction of the Galleria at Long Wharf. The Court finds that the filing of a verified petition and supporting documents by the plaintiff on September 21, 1999, complied with the requirements of §22a-19 for intervention as a party in the off-site improvements proceeding and conferred on the plaintiff standing at least to appeal the CPC's denial to the plaintiff of intervenor status in said proceeding.
 VI
The defendants argue further that the plaintiff failed timely to appeal the denial to it of intervenor status m the September off-site improvements proceeding. The CPC denied the plaintiff intervenor status on September 22, 1999, when it approved, with conditions, the off-site improvements application. Notice of the CPC's decision was published on September 30, 1999. The plaintiffs filed the instant appeal on October 13, 1999. The defendants claim that the plaintiff had fifteen days in which to appeal the CPC's decision; that the fifteen days began to run from September 22, when the CPC denied the plaintiff intervenor status; and that, consequently, the October 13th appeal was untimely. The defendants cite Nizzardo v. State Traffic Commission, 55 Conn. App. 678,685, in support of their claim. Nizzardo, indeed, makes clear that denial of a petition to intervene filed pursuant to § 22a-19, though interlocutory, is nonetheless a final judgment for purposes of appeal, Id. at 685 (citation, quotation marks omitted), and that said denial must be appealed within the time fixed by statute.[1] The defendants claim that the plaintiff had fifteen days from denial to it on September 22nd of intervenor status in which to appeal.
The plaintiff argues it complied with the requirements of § 22a-19
and thus was entitled to party status in the proceeding at issue. As a party, the plaintiff claims, it is entitled to take an appeal, pursuant to General Statutes, § 8-8, from an agency decision within fifteen days of the publication of such decision. Unlike § 4-183, which mandates an appeal within forty five days of mailing or personal delivery of a final decision of an administrative agency, the time limits of § 8-8
are triggered by publication of an agency decision. Section 8-8 provides that an appeal be commenced "within fifteen days from the date that notice of the decision was published as required by the general statutes". The defendants again ask the Court to add by implication "or when a petition to intervene is denied, within fifteen days of such denial." This the Court declines to do. It is true that appeals to courts from administrative agencies exist only under statutory authority, RainesCT Page 9002v. Freedom of Information Commission, 221 Conn. 482, 489 (citations, quotation marks omitted), and that a statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created, Id. (citations, quotation marks omitted). It is also true that a statute should not be interpreted to thwart its purpose, Page v. Town Planning Zoning Commission,235 Conn. 448, 462 (citation, quotation marks omitted). Environmental statutes are remedial in nature and should be construed liberally to accomplish their purposes, Zoning Commission v. Fairfield ResourcesManagement, Inc., 41 Conn. App. 89, 106 (citations, quotation marks omitted). The purpose of the Environmental Protection Act, § 22a-14
et seq., includes the provision to "all persons" "an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction," General Statutes, § 22a-15, Moreover, § 8-8 (p) provides, "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case in which a strict adherence to these provisions would work surprise or injustice." The Court concludes that the defendants have failed to establish that the instant appeal was untimely filed.
 VII
The defendants have failed to establish that the CPC's denial to the plaintiff of party status barred the plaintiff from initiating the instant appeal; and failed to establish that an intervenor pursuant to § 22a-19
in an administrative agency proceeding is barred from initiating an appeal, pursuant to § 8-8, from that agency's decision. Admittedly, a threshold question would be whether the agency improperly denied party or intervenor status to the petitioner. Were a court to determine such denial was improper, the parties would contest the merits of the agency decision, limited to the plaintiff's claims of impact of said decision on the environment. The defendants have failed to establish their claim that the Court lacks subject matter jurisdiction over this appeal.
Accordingly, the defendants' Motion to denied.
By the court,
_______________ Downey, J.