[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6119
This case commenced as an appeal from a reprimand of Attorney Haldan E. Connor, Jr. by a reviewing committee, upheld by the Statewide Grievance Committee on December 22, 2000. Practice Book §§ 2-35, 2-36. This case was filed by Connor on January 17, 2001 in Hartford Superior Court. A copy of the appeal was sent to the statewide bar counsel by certified mail. (Connor letter, April 9, 2001.) The court has on its own motion raised the issue of whether service was jurisdictionally defective.
Practice Book § 2-38(a) provides as regards service of an appeal from a reprimand issued by reviewing committees and approved by the statewide grievance committee that it "shall be served on the statewide bar counsel as agent for the statewide grievance committee in the same manner as in civil actions." Service in civil actions must be "directed to a state marshal, a constable or other proper officer. . . ." General Statutes § 52-50.
Prior to 1998, this section provided as regards service: "A copy of the appeal shall be served in accordance with Sec. 120 on the statewide bar counsel as agent for the statewide grievance committee." Practice Book § 27N. Under § 120, the plaintiff was allowed to serve by certified mail to the statewide bar counsel as agent for the defendant grievance committee. Budny v. Statewide Grievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560637 (July 1, 1996, Maloney, J.).
The rule adopted for cases after 1998 clearly contemplates that the appellant make service by civil process through a proper officer. Under the prior rule, the reference to Practice Book § 120, now § 10-12, allowed for the interpretation that mail service would suffice. Budny v.Statewide Grievance Committee, supra, Superior Court, Docket No. 560637; see also Roy v. Bolduc, Superior Court, judicial district of New Haven at New Haven, Docket No. 317567 (September 2, 1993, Zoarski, J.) (allowing for service of cross claim by mail where attorneys had appeared). The post-1998 rule affected a change in procedure — service of grievance committee appeals must now take place without a mail option. CT Page 6120
Connor's appeal was required to be taken in strict compliance with the court rules to satisfy subject matter jurisdiction. Raines v. Freedom ofInformation Commission, 221 Conn. 482, 490 (1992); Glastonbury VolunteerAmbulance Assn., Inc. v. FOIC, 227 Conn. 848 (1993); Recio v. StatewideGrievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555169 (April 30, 1996, Maloney, J.) (appeal dismissed as filed untimely); Cummings v. Freedom of InformationCommission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 574355 (February 3, 1998, McWeeny, J.) (failure to serve FOIC directly is grounds for dismissal.)
Here, Connor did not serve his complaint in accordance with Practice Book § 2-38(a). It is therefore dismissed for lack of jurisdiction.
Henry S. Cohn, Judge